IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02434-EWN-KLM

JORGE LOPEZ PEREZ,

     Applicant,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
FIELD OFFICE DIRECTOR OF ICE,
ICE AGENT HAMILTON,
ICE AGENT STRONG, and
DIRECTOR/WARDEN OF GEO DETENTION CENTER IN AURORA, COLORADO,

     Respondents.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Respondents' **Motion to Dismiss** [Docket No. 26;

filed March 18, 2008] (the "Motion to Dismiss").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and

D.C.Colo.LCivR. 72.1.C., the matter has been referred to this Court for recommendation.

The Court ordered Applicant to respond to the Motion to Dismiss on or before May 30,

2008, but Applicant failed to do so.  *See Minute Order* [Docket No. 29; filed May 1, 2008].

**I.**    **Statement of the Case**

     Jorge Lopez Perez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2241 on November 20, 2007 [Docket No. 3].  In his § 2241 Petition, Applicant requests

that he be released immediately from United States Immigration and Customs Enforcement

1

("ICE") detention.  *See Petition* [#3] at 5.  Respondents filed a Response [Docket No. 24] on January 25, 2008, and a Motion to Dismiss [Docket No. 26] on March 18, 2008. Respondents argue that Applicant's § 2241 Petition is moot because Applicant has been released from ICE custody.  *Motion to Dismiss* [#26] at 2.  Respondents indicate that Applicant was released from ICE custody on March 18, 2008 to a residential placement program called Directions of Recovery in Houston, Texas.  *Motion to Dismiss* [#26] at 1. Mr. Perez's § 2241 Application is therefore moot unless he satisfies one of the exceptions to the mootness doctrine.  *See Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002).  The court will not dismiss a case as moot if: (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.  *Id.* at 1257 (collecting cases).

On June 12, 2008, the Court held a status conference to address the issue of Applicant's current physical location and mailing address.  All parties were ordered to appear in person.  *Minute Order* [Docket No. 31; Filed June 3, 2008].  Applicant failed to appear.  During the June 12 status conference, I ordered Respondents to supplement the record by providing any information available concerning Applicant's whereabouts [Docket No. 33].  Respondents filed a status report on June 30, 2008 [Docket No. 35]. Respondents assert that they contacted ICE officer Gregory Demary in the Houston Field Office.  *Status Report* [#35] at 1.  "Mr. Demary reported that [Applicant] last reported

pursuant to his Order of Supervision on April 14, 2008. [Applicant] has since failed to report as required on May 14, 2008. At this time, ICE does not know of Mr. Perez's whereabouts or a location at which to contact him." *Id.* Respondents further state that they contacted Directions of Recovery, Inc., the halfway house in which Applicant was placed after his release from custody. *Id.* Applicant's program counselor, Kevin Thompson, indicated that Applicant had not returned to the facility, and the facility did not have any contact information for him. *Id.* at 2.

On September 3, 2008, the Court directed Applicant to show cause in writing on or before September 17, 2008, why his case should not be dismissed as moot and for failure to prosecute [Docket No. 36].

## II.    Analysis

Fed. R. Civ. P. 41(b) allows the Court to dismiss a plaintiff's claims for failure to prosecute. *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C.Colo.LCivR. 41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an

action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Applicant is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Respondents

From a review of the case file, I find that Applicant has not been in contact with the Court since November 20, 2007, and that Applicant's mail has been returned as undeliverable beginning on November 30, 2007 [Docket Nos. 6, 12, 13, 14, 22, 23, 30, 32, 34 and 37]. Applicant's failure to provide the Court with a current address, as required by D.C.Colo.LCivR. 10.1(M), and failure to prosecute his case has caused prejudice to Respondents. Applicant's failures have caused Respondents to expend unnecessary resources and time to attempt to locate Applicant. Likewise, Respondents' burden is

ongoing in that they have to defend against allegations that it appears Applicant has no intention of pursuing.

### B.    Interference with the Judicial Process

In addition to several other Orders issued by this Court, Applicant failed to comply with the Order to Show Cause issued on September 3, 2008 [Docket No. 36]. Just as Respondents are burdened by Applicant's failure to provide a current address and failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Applicant's failure to follow the Court's Orders which required responses to motions and compliance with the local rules demonstrates a lack of respect for the Court, Respondents, and the judicial process. Moreover, the Court's continual review of his file and issuance of Orders necessitated by Applicant's neglect increases the workload of the Court and interferes with the administration of justice.

### C.    Culpability of Applicant

Applicant has, without any reasonable excuse, ignored D.C.Colo.LCivR. 10.1(M), which requires that "[w]ithin ten days after any change of address . . . of any attorney or pro se party, notice of the new address . . . shall be filed." Applicant has also failed to respond to the Motion to Dismiss [#26] and failed show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he proceeds *pro se*, he is not excused from his obligations to follow the same rules of procedures that govern other litigants. *See Green*

*v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  The Court must conclude that Applicant is culpable for his failure to follow the local rules and failure to prosecute his case.

**D.      Advance Notice of Sanction of Dismissal**

Applicant's mail has been returned to the Court beginning on November 30, 2007 [Docket No. 6].  Accordingly, the Court cannot reasonably state that Applicant has received any advance notice from the Court that the failure to prosecute this action would result in its dismissal.

**E.      Efficacy of a Lesser Sanction**

However, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse his failures here.  *See Green*, 969 F.2d at 917.  In addition, based upon Applicant's unknown location,  the Court doubts that a monetary sanction would be practical or effective.   Further, Applicant's failures impact both the judicial system and Respondents jointly, and considering that Applicant has effectively neglected his case for nearly one year, the Court finds that no lesser sanction would be effective and dismissal without prejudice is the appropriate result.

**III.    Conclusion**

Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**, and that the Application for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE**, as moot and for failure to prosecute.

IT IS FURTHER **ORDERED** that the Order to Show Cause [Docket No. 36; Filed September 3, 2008] is **MADE ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:      September 19, 2008